## Law Firm of Steven M. Warshawsky

www.warshawskylawfirm.com

Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118

Tel: (212) 601-1980
Fax: (212) 601-2610
Email: smw@warshawskylawfirm.com

March 14, 2019

**VIA ELECTRONIC CASE FILING**
Hon. Ronnie Abrams
United States District Court
Southern District of New York
40 Foley Square, Rm. 2203
New York, NY  10007

> Re:    **Gwendolyn Tackie v. JSP Life Agency, Inc.**
>        **No. 18-CV-10786 (RA) (SDNY)**

Dear Judge Abrams:

I represent Plaintiff Gwendolyn Tackie in the above-referenced FLSA action.  I am writing on behalf of both parties to submit for the Court's review and approval the parties' Settlement Agreement and Release ("Agreement"), attached hereto, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015).  The Agreement proposes to settle the Plaintiff's claims with prejudice.  If the Agreement is approved by the Court, the parties will submit a stipulation of voluntary dismissal with prejudice pursuant to FRCP 41 to be so-ordered (unless the Court sua sponte dismisses the case).  I have conferred with defense counsel, John K. Diviney of Rivkin Radler, LLP, and he consents to this letter.

As set forth more fully below, the Agreement should be approved because: (i) Plaintiff is receiving 100% of the disputed back wages and liquidated damages after arm's length negotiations; (ii) the Agreement does not contain any confidentiality provision and the release is narrowly tailored to wage and hour claims; and (iii) attorneys' fees are less than 30% of the settlement amount.  Moreover, this settlement falls within the range of reasonableness in light of the best possible recovery and all of the risks of litigation, and should therefore be approved.

I.    <u>**Factual Background**</u>

This is a single-plaintiff wage and hour lawsuit under the Fair Labor Standards Act and the New York Labor Law (although the complaint was pleaded as a collective/class action, the plaintiff never moved for certification).  The Plaintiff filed her Complaint on November 19, 2018, in which she asserts federal and state claims for unpaid overtime (Counts One and Two) and state claims for wage statement violations (Count Three) and pay rate notice violation (Count Four).  As alleged in the Complaint, the Plaintiff's theory of liability is that the Defendant employer, JSP Life Agency, Inc., intentionally manipulated her applicable hourly pay rates to avoid paying her overtime premiums during workweeks in which she worked more than 40 hours.  The Plaintiff alleges that these payroll practices violated the

1

wage statement requirements under the state labor law.  In addition, the plaintiff alleges that she did not receive the required pay rate notice at the start of her employment.  The Defendant answered on February 1, 2019, denying liability and asserting numerous affirmative defenses.

**II.**    **The Settlement Between Plaintiff and Defendant is Objectively Fair, Adequate, and Reasonable**

In assessing whether an FLSA settlement is fair and reasonable, this Court has considered the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion."  Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citations omitted).

Here, "to avoid the expense and inconvenience of litigation and to fully and finally resolve and settle all claims," Agreement at 1, the parties have entered into the Agreement.  The Agreement is the product of arms-length negotiations between the parties, who were represented by competent and experienced counsel throughout the negotiations process.  There was no fraud or collusion involved in reaching this Agreement, which the parties believe is a fair and reasonable compromise of bona fide disputes.  See, e.g., Silverstein v. AllianceBernstein, L.P., No. 09-CV-5904 (JPO), 2013 WL 7122612, at *4 (S.D.N.Y. Dec. 20, 2013).

With respect to the Plaintiff's range of possible recovery, the Agreement involves a settlement sum of $26,816.50, divided into four payments:  $7,307.25 to the Plaintiff for unpaid overtime wages (subject to W-2 treatment), $7,307.25 to the Plaintiff for liquidated damages (subject to 1099 treatment), $5,000 to the Plaintiff for the pay rate notice claim (subject to 1099 treatment) and $7,202 to Plaintiff's counsel for attorney's fees and costs.  See Agreement ¶ 2.  The amount to be paid to the Plaintiff represents full compensation for the alleged unpaid overtime wages.  In addition, while Defendant disputes that Plaintiff would recover any liquidated damages based on its "good faith" defense, the Plaintiff will be receiving an equal amount in liquidated damages, in accordance with the federal and state labor laws.  In addition, the Plaintiff will be receiving the maximum statutory damages for the alleged pay rate notice violation.

The only claim that the Plaintiff is compromising is the wage statement claim (Count Three), which is sharply disputed by the parties and, the Plaintiff acknowledges, does not stand on as firm legal ground as the other claims.  Moreover, Plaintiff would run the risk of recovering less if she were to continue to litigate the matter if Defendant were to prevail on its "good faith" defense, which would preclude recovery of liquidated damages.  Accordingly, it was in the best interest of the Plaintiff to not pursue the wage statement claim in exchange for full compensation on the other claims.

In exchange for the settlement payment, the Plaintiff agrees to waive "any and all claims, actions and liabilities relating to her compensation and payment of wages" through the Agreement's effective date under federal and state law. See Agreement ¶ 5.  The Agreement does not contain a general release and is narrowly tailored to the disputed wage and hour claims in the Complaint, nor does the Agreement contain a confidentiality clause or a nondisparagement clause, although it does contain a limited "no publication" clause (Agreement ¶ 6(c)) that prohibits the plaintiff from contacting the media or posting about the settlement on social media.  The plaintiff and her counsel believe that

this is a reasonable, limited restriction necessary to implement the settlement. <u>See</u>, <u>e.g.</u>, <u>Lola v. Skadden, Arps, Meagher, Slate & Flom LLP</u>, No. 13–CV–5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (holding that nondisclosure clause prohibiting contact with media or social media "is fair and . . . does not run afoul of the FLSA's remedial purposes").

In sum, the Agreement is procedurally and substantively fair.  It avoids the burdens, costs, and uncertainties of trial.  It provides the Plaintiff with substantial compensation and does not impose any unreasonable burdens or obligations on the Plaintiff.

Lastly, the amount of attorney's fees under the Agreement is fair and reasonable, and is not being paid out of the amounts otherwise owed to the Plaintiff for unpaid overtime and liquidated damages.  Undersigned counsel is a highly experienced employment lawyer and has litigated numerous FLSA cases.  Under the Plaintiff's representation agreement, she agreed to a contingency fee of one-third (33.33%) of the settlement amount, calculated after deducting for unpaid litigation costs.  Here, the amount allocated for attorney's fees represents 27.4% of the Settlement Sum (after deducting costs of $400 for the district court filing fee and $102 for service of process), which falls within the range of acceptable contingency fees in FLSA cases.  <u>See</u>, <u>e.g.</u>, <u>Thornhill v. CVS Pharmacy, Inc.</u>, No. 13-CV-5507 (JMF), 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (collecting cases).  This amount is also fair and reasonable in light of the approximately 16.75 hours spent by undersigned counsel on this case (not including the time spent preparing and finalizing the settlement papers).

Accordingly, for the reasons set forth above, the parties respectfully request that the Court approve the parties' Settlement Agreement and Release.

Respectfully submitted,

*Steven M. Warshawsky*

Steven M. Warshawsky (SW 5431)