UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/26/19
```

GWENDOLYN TACKIE, *individually and on behalf of others similarly situated*,

Plaintiff,

v.

JSP Life Agency, Inc.,

Defendant.

No. 18-CV-10786 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Gwendolyn Tackie brought this action against Defendant JSP Life Agency, Inc., for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").* Presently before the Court is the parties' proposed settlement agreement ("Agreement"). *See* Settlement Agreement (Dkt. 17-1).

The Court, having reviewed the parties' proposed agreement and fairness letter, finds that the settlement is fair and reasonable. Under the terms of the proposed settlement agreement, Defendants agree to pay Plaintiff a total of $26,816.50 in exchange for the relinquishment of her wage and hour claims. Settlement Agreement at 2. After attorney's fees and costs are subtracted, Plaintiff will receive $19,614.50. *Id.* This amount represents full compensation for Plaintiff's alleged overtime wages claims, as well as provides Plaintiff with liquidated damages. Fairness Letter at 2. Although Plaintiff is not receiving damages on her wage statement claim, she

---

* Tackie filed her complaint "individually and on behalf of all others similarly situated," but a settlement has only been reached as to her individually. Compl. at 1.

acknowledges that "this does not stand on as firm legal ground as the other claims." *Id.* Accordingly, the Court concludes that this total amount is reasonable in light of the risks of trial. *Cf. Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015).

The Court also approves the requested award of attorneys' fees and costs. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung*, 226 F. Supp. 3d at 229–30. A contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method" in this District, "particularly where it is pursuant to a previously negotiated retainer agreement." *Yunjian Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950(RA), 2018 WL 3222519, at *5 (S.D.N.Y. July 2, 2018). The proposed settlement of $26,816.50 allocates $7,202 in fees to Plaintiff's counsel, which amounts to less than 30% of the settlement amount. The Court thus approves the proposed attorneys' fees.

Finally, Plaintiff's release of claims is also fair and reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (citation omitted). The release in this case is limited to Plaintiff's claims "relating to her compensation and payment of wages from J.S.P." *See* Settlement Agreement ¶ 5.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. The Court dismisses the Complaint with prejudice in accordance with the settlement agreement. The

2

Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:      March 26, 2019
            New York, New York

                                        Ronnie Abrams
                                        United States District Judge